UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**GREAT AMERICAN INSURANCE**  **CIVIL ACTION**
**COMPANY OF NEW YORK**

**VERSUS**  **NO: 04-1363-MVL-SS**[1]

**THE CIMA COMPANIES, INC.**

## ORDER

GREAT AMERICAN'S MOTION FOR CONTEMPT AND FOR SANCTIONS (Rec. doc. 116)

**GRANTED IN PART**

GREAT AMERICAN'S EX PARTE MOTION TO SUPPLEMENT GLOBAL AFFIDAVIT[2]

**DENIED**

Before the undersigned is the motion of the plaintiff, Great American Insurance Company of New York ("Great American"), for an order finding one of the defendants, Global Bond and Marine of America, Inc. ("Global"), in contempt for the violation of a March 28, 2006 discovery

---

[1] The parties are cautioned that this action was reassigned to District Judge Lemmon. The captions must be changed to reflect this reassignment. If they are not changed, there may be delays in responding to the parties' motions.

[2] At the time of the preparation of this minute entry the Clerk had not assigned a document number to this motion.

order and for sanctions (Rec. doc. 108). The only remaining issue is whether Great American is entitled to additional document discovery from Global. Rec. doc. 144. For the reasons described below, Great American is entitled to access, at its cost, to Global's records on bonds written for the U.S. Customs Service ("Customs,") with Great American as the surety.

Great American's original complaint was filed on May 11, 2004 against a single defendant, The CIMA Companies, Inc. ("CIMA"). Rec. doc. 1. Great American is an insurance company and commercial surety. It alleged that it faced <u>potential</u> liability of more than $12 million on bonds issued to the U.S. Customs Service ("Customs") by its agent, CIMA, as the result of: (1) CIMA's negligence; (2) actions by CIMA in excess of the authority granted to it by Great American; and (3) CIMA's failure to report the bonds to Great American. Rec. doc. 1 at p. 11. These bonds are referred to as "anti-dumping" bonds.

Great American filed a fourth amended complaint and added additional defendants, including Global. In a previous order the court described the parties as follows:

> Great American . . . conducts part of its business through its bond division. In April 1996, Great American contracted with Chesapeake Brokers International, Inc. ("CBI"), to solicit and deliver bonds, including bonds required by Customs. The agreement with CBI imposed certain limits on its authority and obligations, including prompt reporting of bonds issued and remittance of premiums. In October, 1999, CBI was purchased by Corporate Insurance Management, Inc. ("CIM"), a subsidiary of the CIMA Companies, Inc ("CIMA"). Great American entered into a contract with CIMA, which is similar to the Great American/CBI contract. CIMA contracted with Global to be its sub-producer or agent for the bonds and delivered Great American bonds to it.

Rec. doc. 108 at p. 2. In addition to the anti-dumping bonds, Great American alleged that CBI, CIMA and Global were responsible for the issuance of other unreported Customs bonds identified

in exhibits to the fourth amended complaint.  Great American also alleged, on information and belief, that "as yet unidentified Customs Bonds" were issued.  Rec. doc. 94 at p. 23, para. 58.  Global denied this allegation for lack of sufficient information to justify a belief therein.  Rec. doc. 97 at p. 16, para. 58.  Great American can now assert a claim for the premium income lost on unreported bonds.  Rec. doc. 94-2 at pp. 10-11.

Since the filing of the Fourth Amended Complaint and after much effort, including FOIA requests to Customs, Great American has identified five additional bonds that it contends were issued by Global, but not reported by it to CIMA or Great American.  Exhibits 3, 4, 6 and 7 to Rec. doc. 143-2 and Exhibit C to Rec. doc. 157.  Each of these bonds has a limit of liability of $50,000.  The premium for one of the bonds was $150.00.  Exhibit 8 to Rec. doc. 143-12.  The bonds remain in force for one year "and for each succeeding annual period, or until terminated."  Exhibit C to Rec. doc. 157.  There is handwritten note that one of the bonds terminated on January 25, 2005.  Id.  It is not clear whether the other four bonds remain in effect.  Great American contends that the only reasonable way for it to determine the further extent of unreported bonds is by reviewing all of Global's records on Great American's bonds.  Global's president, Paul Rich, responded:

> Great American . . . references four (now five) bonds with which Global was involved but were not included on the lists produced (by Global) to Great American. It is certainly possible that a few bonds were not reported to CIMA.  However, considering the volume of bonds issued during the time period depicted in the lists, failing to report a few bonds would not be unusual.  The Custom Bond industry is dependent upon volume and therefore, it is commonplace to have some unreported bonds.  The fact that a few bonds are not reported should not give rise to the disruption of business which would be caused by granting Great American's Motion to obtain unfettered access to Global Marine's files.

Rec. doc. 155 at pp. 6-7.

On March 1, 2006 Great American first sought relief from the court to gain access to Global's files in Katy, Texas. Rec. doc. 101. Since then several rulings were issued. Rec. docs. 108, 129 and 144. Global urges that the request for further documents be denied and that the parties should proceed with depositions and if oral discovery discloses a basis for additional document discovery, the parties can address that issue after the depositions. The drawback to this proposal is that it may require that some persons be deposed twice. It would be more orderly to conclude the document discovery before beginning the depositions. Global contends that the five unreported bonds are de minimis. The five unreported bonds must be considered in conjunction with the issues raised on the anti-dumping bonds and the bonds listed on the exhibits E and F to the fourth amended complaint. See Rec. doc. 94-2 at pp. 27-30. Based on the evidence concerning these bonds and Great American's allegations, Global shall produce the non-privileged documents responsive to category nos. 1-15 of Great American's second request for production of documents. To the extent that Global has produced documents in response to these categories, for example nos. 11-14 and possibly no. 15, it is not required to re-produce the documents. Great American shall bear the cost of copying. Within ten (10) working days Great American and Global shall either agree on a procedure and deadline for the production of these documents or Great American shall contact the undersigned to request a telephone discovery conference for that purpose.

Great American's ex parte motion to supplement the Global affidavit will be denied.

IT IS ORDERED that: (1) Great American's motion for an order finding Global in contempt for the violation of a March 28, 2006 discovery order and for sanctions (Rec. doc. 108) is GRANTED in PART only insofar as Global is required to produce additional documents in accord

with the terms of this order; and (2) Great American's <u>ex parte</u> motion to supplement the Global affidavit is DENIED.

New Orleans, Louisiana, this 3rd day of August, 2006.

```
_____
       SALLY SHUSHAN
 United States Magistrate Judge
```