UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK | CIVIL ACTION |
| VERSUS | NO. 04-1363 |
| THE CIMA COMPANIES, INC. | SECTION "T"(1) |

ORDER AND REASONS

Before the Court is the Motion by Paul Rich and Global Bond & Marine of America, Inc. for review of the Magistrate's May 30, 2007 ruling granting the CIMA Companies, Inc's Motion for Leave to File First Supplemental and Amended Cross-Claim, Second Supplemental and Amended Third-Party Complaint, and Counter-Claim for Declaratory Judgment. Rec. Doc. 288. The CIMA Companies, Inc (hereinafter, "CIMA") filed an Opposition to the Motion. Rec. Doc. 303. The matter came for hearing without oral argument on September 5, 2007 and was taken under advisement. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

I.   BACKGROUND

Counsel for all parties jointly agreed to continue the trial previously set for July 9, 2007. A Joint Motion to Continue was filed April 11, 2007 and in the order attached thereto, the parties provided the Court with agreed upon dates for the new trial setting; agreed upon dates for setting expert depositions; the deadline to exchange expert reports; dates for depositions of fact witnesses and a pre-trial conference deadline. Rec. Doc. 249. The Order also provided that "[a]ll other dates set forth in the scheduling order will be set in accordance with the Court's procedure so that the parties are bound by such dates." See Order attached to Rec. Doc. 249.

On April 13, 2007, Judge Vance granted the Motion to Continue Trial and executed the Order provided by the parties.  Rec. Doc. 250.  Judge Vance also amended the submitted order and issued her standard scheduling order which included, *inter alia*, a deadline of Sunday, May 13, 2007 for amendment of pleadings, third-party actions, cross-claims, and counterclaims.  Rec. Doc. 251. On Monday, May 14, 2007, CIMA filed its Motion for Leave to Amend the Pleadings.  Rec. Doc. 269. Oppositions were filed by all parties.  Rec. Doc. 271, Opposition by Global Bond and Paul Rich; Rec. Doc. 272, Opposition by James Davis; Rec. Doc. 273, Opposition by American International Specialty Lines Insurance Company; and Rec Doc. 274, Opposition by Great American Insurance Company of New York f/k/a American National Fire Insurance Co.  In sum, the basis for the objections was the timeliness of the filing of the motion because it was filed on the eve of the depositions of CIMA employees which were scheduled the following week.

On May 30, 2007, Magistrate Judge Sally Shushan granted CIMA's Motion for Leave finding that the Amendment was timely and stated "the court is highly sympathetic to the contention that CIMA could have determined the existence of its claims at an earlier stage"; however, the Magistrate was constrained by the District Judge's scheduling order.  Rec. Doc. 278.  In a footnote, Magistrate Shushan explained that "[t]he parties, including those opposing CIMA's motion, requested that the District Judge enter the standard scheduling order.  They were familiar with the terms of the standard scheduling order and knew it provided an opportunity for a new round of pleadings.  If [it] was the parties intention to bar further amendments it should have been part of the agreed motion to continue trial."  Rec. Doc. 278 at p. 3.

Paul Rich and Global Bond & Marine of America, Inc. (hereinafter collectively, "Movers") request this Court review and reverse the Magistrate's Order because: (1) they will be prejudiced

by the filing of CIMA's new pleading; (2) the filing is untimely as this action was filed over three (3) years ago and CIMA has had ample time before now to file the amended pleading and chose not to do so; and (3) if amendment is allowed, Movers will have to expend additional resources to re-depose several of CIMA's witness as well as those of Great American Insurance Company of New York.  Rec. Doc. 288 at pp. 2-4.  CIMA's opposition maintains: (1) that the amendment was timely and therefore, within the Magistrate's discretion to grant; and (2) the amendment does not prejudice Movers because the claims are not entirely new as the claims have been asserted in CIMA's prior pleadings and the claims asserted in the new pleadings mirror the allegations raised by Plaintiff in the Fifth Supplemental and Amended Complaint filed a few months earlier.[1]  Rec. Doc. 303.

## II.     LAW AND ANALYSIS

### A.     *DISCRETIONARY STANDARD UNDER FRCP 15(A).*

FRCP 15(a) provides that, within specified time limits, a party may amend his pleading once as a matter of course.  Otherwise, "a party may amend his pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Determining when "justice so requires" rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Daves v. Payless Cashways, Inc*., 661 F.2d 1022, 1024 (5th Cir. 1981).

Rule 15(a) evinces a bias in favor of granting leave to amend.  Its purpose is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves.

---

[1] In CIMA's Fifth Supplemental and Amended Complaint, First Supplemental and Amended Cross-Claim, Second Supplemental and Amended Third-party Complaint, and Counterclaim for Declaratory Judgment, CIMA seeks to amend the first cause of action, indemnity, and add in two new causes of actions, breach of fiduciary duties and duties as agents, and implied and equitable indemnity, against Movers.  CIMA further added the new cause of action of Global as a substitute, against Global. (Rec. Doc. 269).

*Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Summit Office Park v. United States Steel Corp.*, 639 F.2d 1278, 1284 (5th Cir. 1981); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Although the district court should err on the side of allowing amendment, leave to amend should not be given automatically. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.* 690 F.2d 1157, *1163 -1164 (5th Cir. 1982) *citing Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 666 (5th Cir. 1981) cert. denied 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981).

In exercising its discretion, the trial court should consider whether permitting the amendment would cause undue delay in the proceedings or undue prejudice to the nonmoving party, whether the movant is acting in bad faith or with a dilatory motive, or whether the movant has previously failed to cure deficiencies in his pleadings by prior amendments. The court may weigh in the movant's favor any prejudice that might arise from denial of leave to amend. In keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation. Finally, the court should consider whether the amendment adds substance to the original allegations, and whether it is germane to the original case of action. *Chitimacha Tribe of Louisiana,* 690 F.2d at 1163 -1164 (citations omitted).

### B. STANDARD OF REVIEW OF MAGISTRATE'S DECISION.

FRCP Rule 72(a) governs the review of a Magistrate's Order. Rule 72(a) provides, in pertinent part that:

> [w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order…The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Further, 28 USC § 636(b)(1) (A) provides, in pertinent part:

4

> A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

In applying this "clearly erroneous" standard, a District Court shall affirm the decision of the Magistrate Judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. *See Moody v. Callon Petroleum Operating Co*, 37 F.Supp.2d 805, 807 (E.D.La. 1999)(Porteous, J).

The Magistrate reviewed the same arguments as are presented to this Court and found that permitting the amendment would not cause undue delay in the proceedings or undue prejudice to the nonmoving party and made no findings of bad faith or dilatory motive by Movers. All parties agreed to continue the original trial date and to have the Court issue a new scheduling order reflecting new deadlines for pleading amendments. A Scheduling Order was issued on April 13, 2007, which incorporated dates for depositions and deadlines that were agreed upon by all parties. CIMA timely filed the amendments at issue on Monday, May 14, 2007.[2] The Court agrees with the Magistrate Judge that the parties "were familiar with the terms of the standard scheduling order and knew that it provided an opportunity for a new round of pleadings. If was the parties' intention to bar further amendments, it should have been part of the agreed motion to continue the trial." In exercising her discretion, the Magistrate's did not act clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Review the Magistrate's Order (Rec. Doc. 288) is hereby **DENIED** and the Clerk of Court is ordered to file the Amended Pleadings without further delay.

---

[2] Because the deadline for the amendments to the pleadings fell on May 13, 2007, a Sunday. Fed. R. Civ. P. 6(a) allows the deadline to run "until the end of the next day or Monday, May 14, 2007.

New Orleans, Louisiana this 21st day of November, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**