# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE CO. OF NEW YORK, | * * | CIVIL ACTION NO. 04-1363 |
| Plaintiff | * * | |
| | * | SECTION: H |
| VERSUS | * * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| CIMA COMPANIES, INC. et al., | * | MAGISTRATE: |
| Defendants | * | MAG. SALLY SHUSHAN |

## ORDER AND REASONS

IT IS ORDERED that the Motion for Partial Summary Judgment Dismissing Any Claims that CIMA is Vicariously Liable for Any Tortious Acts of Global and Rich by CIMA Companies, Inc. ("CIMA") (Doc. 605) is DENIED.

IT IS FURTHER ORDERED that the Motion for Entry of Final Judgments under Rule 54(b) or, alternatively, to Amend Orders to Include Statement Prescribed by 28:1292 by Great American Insurance Company of New York ("Great American") (Doc. 6.15) is DENIED.

**BACKGROUND**

On October 27, 2010, the Court ruled on cross-motions for summary judgment filed by Plaintiff, Great American, and Defendants CIMA, Global Bond Marine of America, Inc. ("Global"), Paul Bradley Rich, and American International Specialty Lines Insurance Company. (Doc. 463.) On December 17, 2010, the Court ruled on Plaintiff's request for reconsideration of some of the rulings in the October 27 Order. (Doc. 496.) Plaintiff now asks the Court to certify both the October 27 Order and the December 17 Order ("the Orders") as final judgments under Rule 54(b). Alternatively, Plaintiff asks the Court to amend the Orders to include a statement allowing for interlocutory appeal of the Orders pursuant to 28 U.S.C. 1292(b).

**LAW AND DISCUSSION**

*A.     CIMA's Motion for Summary Judgment*

Defendant CIMA asks the Court to grant partial summary judgment in its favor, dismissing any claims that CIMA is vicariously liable for any tortious acts of Global and Rich. CIMA argues that Global was an independent contractor, not an employee or servant of CIMA. For the following reasons, the Court denies the motion.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c). In determining whether the moving party is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Court finds that a genuine issue of material fact exists as to the degree of control CIMA exercised over Global, and whether CIMA can be held liable for the acts of Global and its employees. Accordingly, summary judgment is inappropriate. The Court denies CIMA's motion for partial summary judgment regarding its vicarious liability for the acts of Global and Rich.

B.     *Great American's Motion for Entry of Final Judgment*

Great American asks the Court for an entry of final judgment under Fed. R. Civ. P. 54(b) to allow immediate appeal of the Orders, arguing that an entry of final judgment is appropriate because "there is no just reason for delay." For the following reasons, the Court denies Plaintiff's motion.

Federal Rule of Civil Procedure 54(b) states:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed.R.Civ.P. 54(b).

According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule

54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). The Fifth Circuit further explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id*. (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir.1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay." *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir.1992). This determination is within the sound discretion of the district court. *Id.* In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay . . . ." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir.1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

The Court finds that Great American has not met its burden of showing that "hardship or injustice" will result from a delay in the ability to appeal the Orders. Plaintiff argues that "piecemeal litigation" may result if the Court does not allow immediate appeal of the Orders; however, Plaintiff's argument is misplaced. The policy behind Rule 54(b) seeks to avoid "piecemeal review," not "piecemeal litigation." Great American has failed to convince the Court that any injustice that would result from delaying the appeal outweighs the "inconvenience and costs of

piecemeal review." Accordingly, the Court denies Great American's Motion for Entry of Final Judgment under Rule 54(b).

C. *Great American's Motion Amend Orders to Include Statement Prescribed by 28:1292*

Alternatively, Great American asks the Court to amend the Orders to allow a statement allowing for interlocutory appeal of the Orders under 28 U.S.C. § 1292(b). For the following reasons, the Court denies Plaintiff's motion.

28 U.S.C. § 1292 allows for interlocutory appeal of orders without directing entry of a final judgment on the order. 28 U.S.C.A. § 1292(b)(West 2011). For an interlocutory order to be appealable pursuant to the statute, three conditions must be satisfied. The trial judge must certify in writing that the order: (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation." *Id; Anderson v. Jackson*, no. 06-3298, 2007 WL 4414479, at *3 (E.D.La. Dec. 14, 2007). The Fifth Circuit will only review on interlocutory appeal issues involving a "pure question of law" rather than determinations involving the "application of law to fact." *Id.* at *4 (citing *La. Patients' Comp. Fund Overnight Bd. v. St. Paul Fire & Marine Ins. Co.,* 411 F.3d 585, 588 (5th Cir. 2005)). The moving party carries the burden of showing the necessity of interlocutory appeal. *Chauvin v. State Farm Mut. Auto. Ins. Co.*, nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D.La. Dec. 11, 2007). Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment." *Id.*

(quoting *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 68-69 (5th Cir. 1983)).

The Court finds that Great American has not met its burden of showing that interlocutory appeal is appropriate. The Orders do not involve "pure questions of law" appropriate for interlocutory appeal but rather the Court's application of law to the facts. Accordingly, the Court denies Great American's motion.

**CONCLUSION**

For the foregoing reasons, CIMA's Motion for Partial Summary Judgment Dismissing Any Claims that CIMA is Vicariously Liable for Any Tortious Acts of Global and Rich and Great American's Motion for Entry of Final Judgments under Rule 54(b) or, alternatively, to Amend Orders to Include Statement Prescribed by 28:1292 are DENIED.

New Orleans, Louisiana on December 12, 2011.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**